UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA AND STATE OF CALIFORNIA, ex rel. Rebecca Handal, et al., | No. 13-cv-01697-KJM-KJN |
| Plaintiff, | ORDER |
| v. | |
| CENTER FOR EMPLOYMENT TRAINING et al., | |
| Defendant. | |

On October 15, 2015, the United States of America and the State of California (collectively, "the Government Parties") filed a joint notice of election to decline intervention. Although the Government Parties declined to intervene, they request that the court provide them with notice and an opportunity to be heard before the court's ruling on any dismissal, settlement, or discontinuance of the action. ECF No. 24 at 2. The Government Parties also request that all pleadings and any notices of appeal be served on the Government Parties and orders sent to counsel for the Government Parties. *Id.* The Government Parties also reserve the right to order any deposition transcripts, to intervene, and to seek dismissal of the relators' action or claim. *Id.* Lastly, they request that the court unseal relator's Complaint, First Amended Complaint, Notice

1

of Election to Decline Intervention, and their proposed Order. ECF Nos. 1, 7, 24, 24-1. They also request that all other papers on file in the action remain under seal. ECF No. 24 at 2.

After reviewing the Government Parties' requests, the court rules as follows:

I.     BACKGROUND

On August 16, 2013, Elicia Fernandez, Dina Dominguez, Rebecca Handal and Christine Stearns (collectively, "the plaintiff-relators") filed the complaint in this action as the plaintiff-relators on behalf of the United States and the State of California. ECF No. 1. Plaintiff-relators brought their claims under the qui tam provisions of the Federal False Claims Act, 31 U.S.C. § 3729, *et seq.*, and the Cal. Gov't. Code §§ 12650, *et seq.*

On August 16, 2013, plaintiff-relators also filed a motion to seal the case under 31 U.S.C. § 3730(b)(2). ECF No. 2. On August 21, 2013, the court granted plaintiff-relators' request and placed the matter under seal, as required by the statute. ECF No. 3. On March 26, 2014, plaintiff-relators filed the first amended complaint. ECF No. 7. On July 31, 2014, the court partially lifted the seal in the action to permit the Government Parties to disclose the existence of this action and provide a copy of the complaint to the defendants. ECF No. 12. All other filings in the case remained under seal. *Id.* On June 16, 2015, the court again partially lifted the seal, this time to permit defendants to disclose the action to their respective insurers. ECF No. 21. All other filings in the case remained under seal. *Id.* The Government Parties have requested several extensions of time in order to decide whether to intervene. ECF Nos. 4, 8, 15, 18. To date, the court has granted the Government Parties' requests, at least twice clarifying that prior to granting any further extensions, with concomitant continuation of sealing, the court would require a detailed explanation of good cause. ECF Nos. 16, 19. On October 15, 2015, the Government Parties filed the joint notice of election to decline intervention. ECF No. 24.

/////
/////
/////
/////
/////

## II. LEGAL STANDARD

Generally in a *qui tam* action, "lifting the seal on the entire record is appropriate unless the government shows that such disclosure would: (1) reveal confidential investigative methods or techniques; (2) jeopardize an ongoing investigation; or (3) harm non-parties." *U.S. ex rel. Lee v. Horizon Wests, Inc.*, No. C 00-2921 SBA, 2006 WL 305966, at *2 (N.D. Cal. Feb. 8, 2006). "[I]f the documents simply describe routine or general investigative procedures, without implicating specific people or providing substantive details, then the Government may not resist disclosure." *Id.*; *see United States v. CACI Int'l. Inc.*, 885 F. Supp. 80, 83 (S.D.N.Y. 1995). "The Qui Tam statute evinces no specific intent to permit or deny disclosure of in camera material as a case proceeds." *United States ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994). "[T]he statute necessarily invests the court with authority to preserve secrecy of such items or make them available to the parties." *Id.*

The court should also consider the public's interest in light of the fundamental principle that court records are generally open to the public. *United States ex rel. Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1191 (N.D. Cal. 1997).

## III. DISCUSSION

Here, the Government Parties requested the court unseal relator's Complaint, First Amended Complaint, Notice of Election to Decline Intervention, and their proposed Order. ECF Nos. 1, 7, 24, 24-1; *see* ECF No. 24 at 2. The Government Parties request that all other documents remain under seal because:

> [The] papers on file in this action [should] remain under seal because, in discussing the content and extent of the Government Parties' investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended.

ECF No. 24 at 2. The Government Parties have not provided an explanation of how disclosure of the materials would be harmful. Such harm is not clear from the court's own review of the docket of the case. The Government Parties have not suggested any governmental privilege, or any harm to ongoing investigations. *See United States ex rel. Lee*, 2006 WL 305966, at *3. The documents

that the Government Parties request remain under seal do not implicate specific people, provide meaningfully substantive details of the investigation, or reveal any attorney thought processes.

Given the general nature of these documents, the court tentatively finds it unnecessary for any part of the case docket to remain sealed. Any party, however, may show cause if any there is as to why the balance of the documents of record in this action should not be unsealed.

## IV.	CONCLUSION AND ORDER

Accordingly, for the reasons set forth above, the court notes that should any relator or defendant propose that this action be dismissed, settled, or otherwise discontinued, the court will solicit the written consent of the United States and the State of California before ruling or granting its approval.

Additionally, IT IS HEREBY ORDERED that:

(1) Plaintiff-relators' First Amended Complaint be unsealed and served upon the defendants by the plaintiff-relators.

(2) The original Complaint, this Order, and the Joint Notice of Election to Decline Intervention also be unsealed, and plaintiff-relators will serve these documents upon the defendants.

(3) Within fourteen (14) days of the filed date of this order, any party may SHOW CAUSE, if any there is, as to why the balance of the documents of record in this action should not be unsealed.

(4) The parties shall hereafter serve all pleadings and motions filed in this action, including supporting memoranda, upon the United States and the State of California, as provided by 31 U.S.C. § 3730(c)(3) and California Government Code § 12652(f)(1). The United States and the State of California may order any deposition transcripts and are entitled to intervene in this action, for good cause, at any time.

(5) The parties shall serve all notices of appeal upon the United States and the State of California.

1  (6) The Clerk of the Court shall arrange for all orders of this court to be sent to the United States and the State of California.

IT IS SO ORDERED.

DATED: November 17, 2015.

_____
UNITED STATES DISTRICT JUDGE