UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA, ex rel. Rebecca Handal, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CENTER FOR EMPLOYMENT TRAINING et al,<br><br>Defendants. | No. 2:13-cv-01697-KJM-KJN<br><br>ORDER |

On October 15, 2015, the United States of America and the State of California (collectively, "Government Parties") filed a joint notice of election to decline intervention. ECF No. 24. On November 18, 2015, this court, in reviewing the Government Parties' declination, ordered several documents on the docket be unsealed: (1) the original complaint (ECF No. 1); (2) the plaintiff-relators' First Amendment Complaint ("FAC") (ECF No. 7); (3) the Government Parties' joint notice of election to decline intervention (ECF No. 24); and (4) the order directing the foregoing documents be unsealed (ECF No. 25). ECF No. 25. As to the remaining court documents, which included several requests to extend the deadline for lifting the seal (ECF Nos. 4, 8, 15, 18), the Government Parties were ordered to show cause why such documents should not be unsealed. *Id.* The Government Parties have responded, and requested the court retain the seal

1

on remaining court documents, or alternatively, allow for redaction of confidential portions of remaining court documents. ECF No. 31. For reasons explained below, this court DENIES the Government Parties' request to retain the seal over the remaining court documents. As requested, the court allows the Government Parties an opportunity to explain why the remaining documents should be redacted.

I.      BACKGROUND

This case arises under the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. § 3729, *et seq.*, and the California False Claims Act, Cal. Gov't Code §§ 12650, *et seq.* (collectively, the "FCA"). *See* ECF No. 1. The underlying complaint was filed on August 16, 2013 against the Center for Employment Training ("CET"), a non-profit post-secondary educational institution, in addition to its officers and representatives. *Id.* Plaintiffs-relators alleged defendants violated the FCA by knowingly presenting, or causing to be presented, false and fraudulent claims to the United States and the State of California. *See id.*

On August 16, 2013, plaintiff-relators filed a motion to seal the case under 31 U.S.C. § 3730(b)(2). ECF No. 2. The court granted plaintiff-relators' request and placed the matter under seal, as required by the statute. ECF No. 3. On March 26, 2014, plaintiff-relators filed the first amended complaint. ECF No. 7. On July 31, 2014, the court partially lifted the seal action to permit the Government Parties to disclose the existence of this action and to provide a copy of the complaint to the defendants. ECF No. 12. All other filings in the case remained under seal. *Id.* On June 16, 2015, the court again partially lifted the seal, this time to permit defendants to disclose the action to their respective insurers. ECF No. 21. Otherwise the seal was maintained. *Id.*

Throughout this matter, the Government Parties requested several extensions of time in order to decide whether to intervene. ECF Nos. 4, 8, 15, 18. In each seal extension request, the Government Parties described the nature of the underlying action, in addition to arguing why the seal should be extended. *See* ECF Nos. 4, 8, 15, 18. The court granted the requests. *See* ECF Nos. 5, 9, 16, 19.

1           On October 15, 2015, the Government Parties filed a joint notice of election to
2    decline intervention.  ECF No. 24.  In the notice, the Government Parties requested the court
3    unseal the relator's complaint, first amended complaint, notice of election to decline intervention,
4    and their proposed order.  *See* ECF No. 24-1.  Additionally, the Government Parties requested all
5    other papers on file in this action, including all seal extension requests, remain under seal.  ECF
6    No. 24 at 2.  The court granted the Government Parties' request to unseal several documents, but
7    ordered the Government Parties to show cause why the court should not unseal all the remaining
8    documents on file.  ECF No. 25.  On December 2, the Government Parties responded to the
9    court's order to show cause.  ECF No. 31.

10   II.     LEGAL STANDARD

11          While the federal False Claims Act contemplates lifting the seal on the relator's
12   complaint, the statute is silent with respect to the unsealing of any other documents filed with the
13   court.  *U.S. ex rel. Erickson v. Univ. of Wash. Physicians*, 339 F. Supp. 2d 1124, 1126 (W.D.
14   Wash. 2004).  The FCA, therefore, provides no express direction to the court to permit or deny
15   disclosure of material filed *in camera* other than the complaint.  *See id.*  But in permitting *in*
16   *camera* submissions, the statute necessarily invests the court with authority to either maintain the
17   filings under seal, or to make them available to the parties.  *Id.*  In exercising this authority, the
18   court can determine if "lifting the seal on the entire record is appropriate."  *U.S. ex rel. Lee v.*
19   *Horizon Wests, Inc.*, No. C 00-2921 SBA, 2006 WL 305966, at *2 (N.D. Cal. Feb. 8, 2006).  The
20   court has authority to lift the seal unless the government shows that such disclosure would: (1)
21   reveal confidential investigative methods or techniques; (2) jeopardize an ongoing investigation;
22   or (3) harm non-parties.  *Id.*  "[I]f the documents simply describe routine or general investigative
23   procedures, without implicating specific people or providing substantive details, then the
24   Government may not resist disclosure."  *Id.; see United States v. CACI Int'l. Inc.*, 885 F. Supp.
25   80, 83 (S.D.N.Y. 1995).  The court should also consider the public's interest in light of the
26   fundamental principle that court records are generally open to the public.  *United States ex rel.*
27   *Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1191 (N.D. Cal. 1997).
28   /////

1  III.	DISCUSSION

2        Here, the Government Parties discuss several reasons to retain the seal over their seal extension requests:

> First, under the federal False Claims Act, the government's decision regarding intervention triggers the unsealing only of the relator's complaint, not the entire docket preceding intervention.  Second, revealing the contents of the government's requests to extend the seal and the intervention deadline would give present and future defendants a window into confidential government fraud investigations and would weaken the government's antifraud efforts.  Third, unsealing such requests in qui tam cases creates a catch-22 for the government: it can either support its requests for extensions of the seal and intervention deadline by publicly divulging the details of a confidential investigation or omit such details and risk the court denying an extension.  Fourth, no party has made the threshold showing of a legitimate need for disclosure of the Government Parties' Seal Extension Requests.

ECF No. 31.

      As for the first reason, as noted above, while it is true the FCA does not explicitly reference the unsealing of any documents filed with the court except the complaint, the FCA also does not expressly preclude the court's determining the propriety of lifting the seal on other documents.  *U.S. ex rel. Erickson*, 339 F. Supp. 2d at 1126.  It is within the court's authority to determine if the seal should be lifted in part or in whole.  *See U.S. ex rel. Lee v. Horizon Wests, Inc.*, 2006 WL 305966, at *2.

      As for the second reason, the court is similarly unpersuaded.  The Government Parties argue the requests for extension reveal "the actions taken in furtherance of the investigations, the progress made, the government agencies and personnel involved, and the government's view of what additional investigation is necessary and appropriate."  ECF No. 31 at 4.  But a careful *in camera* examination of the court file in this case shows that the documents at issue, including those cited by the government as containing particularly sensitive information, merely describe routine investigative procedures.  In discussing the reasons an extension was warranted, the Government Parties generally described the investigation into the FCA claims, noting the amount of time involved and the nature of requests made to further their investigation.

4

*See, e.g.,* ECF Nos. 8, 15.  While the last request to extend the seal detailed specific categories of information and documents being requested, it did not disclose any confidential information or investigative techniques.  *See* ECF No. 18-2.  Thus, this situation is similar to the one described in *United States v. CACI*, where the court found the documents at issue did not disclose any confidential investigative techniques, information which could jeopardize an ongoing investigation, or matters which could injure nonparties.  885 F. Supp. at 83.  Additionally, other than describing or speculating regarding the generalized harm that may occur, such as weakening the government's anti-fraud efforts, the Government Parties do not detail the actual harm that would follow any unsealing.  Speculative and general harms, without more, do not amount to harm to an "ongoing investigation," "harm to non-parties," or "reveal confidential investigative methods or techniques."  *U.S. ex rel. Lee v. Horizon Wests, Inc.*, 2006 WL 305966, at *2.

As for the third "catch-22" argument, it too is unavailing.  If as appears here, the government erred on the side of withholding details in the event its sealing request is denied, then those details will not be disclosed upon unsealing.

As for the fourth argument, that the public needs to make a threshold showing before the Government Parties' extension request can be unsealed, such a conclusion would upend the strong presumption of public access to court records, which affords only limited exceptions.  Moreover, the Ninth Circuit case cited by the Government Parties is not consistent with their conclusion.  *See United States v. Kaczynski*, 154 F.3d 930 (9th Cir. 1998).  That case, and the document at issue, involved a "psychiatric report," which included "private information or ha[d] the potential to embarrass person[s] not before court," with portions implicating the criminal defendant's privacy interests.  *Id.* at 932.  While in *Kaczynski* a media entity initiated a request for the report, the case does not stand for the proposition that unsealing can only occur when requested by a third party.  In the *qui tam* context, in particular, in which entire dockets are sealed initially by operation of statute, the public often cannot know whether or what is under seal so as to initiate an unsealing request.

In sum, the Government Parties have not established how disclosure of the materials here would be harmful.  Such harm is not clear from the court's own review of the

5

docket of the case. The Government Parties have not suggested any governmental privilege, or any particularized harm to ongoing investigations. The documents that the Government Parties request remain under seal do not implicate specific people, provide meaningfully substantive details of the investigation, or reveal any attorney thought processes. Sealing will be denied.

IT IS HEREBY ORDERED that:

1. Government Parties' request to maintain the seal on the balance of the case docket is DENIED.
2. Within fourteen (14) days of the filed date of this order, any party may SHOW CAUSE in camera, why the remaining documents not yet unsealed should be redacted before unsealing.
3. The Clerk of the Court shall maintain a temporary seal over the remaining documents pending the parties' response to the show cause order above.

IT IS SO ORDERED.

DATED: February 11, 2016.

_____
UNITED STATES DISTRICT JUDGE