UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA, ex rel. REBECCA HANDAL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CENTER FOR EMPLOYMENT TRAINING, et al.,<br><br>Defendants. | No. 2:13-cv-01697-KJM-KJN<br><br>ORDER |

Plaintiff-relators filed this case on August 16, 2013 under the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. § 3729, *et seq.*, and the California False Claims Act, Cal. Gov't Code §§ 12650, *et seq.* (collectively, the "FCA"). *See* ECF No. 1. On August 16, 2013, plaintiff-relators moved to seal the case under 31 U.S.C. § 3730(b)(2), ECF No. 2, and the court granted the motion, ECF No. 3. After the United States and the State of California (collectively, "the Government Parties") filed a joint notice of election to decline intervention on October 15, 2015, they requested the court maintain the seal over all documents in the action, excluding relator's complaint, first amended complaint, notice of election to decline intervention, and the proposed order appended to the notice of election. ECF No. 24. The court then ordered the

/////

1  Government Parties to show cause as to why the court should not unseal all the remaining
2  documents on file.
3        The Government Parties responded, ECF No. 31, but the court found the response
4  unpersuasive; the court denied the Government Parties' request to maintain the seal on the
5  balance of the case, and ordered the parties to show cause why the remaining documents not yet
6  unsealed should be redacted before unsealing, ECF No. 46.  The Government Parties responded
7  to the second order to show cause, and requested the court allow limited redactions to the
8  declaration of Vincente A. Tennerelli (Tennerelli Declaration) in support of the Government
9  Parties' fourth request to extend the seal and the intervention deadline in this action.  ECF No. 47.
10       Redactions, as opposed to the sealing of entire documents, "have the virtue of
11 being limited and clear."  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1183 (9th Cir.
12 2006).  Nevertheless, redactions are held to the same standard as sealing.  *Cf. Kamakana*,
13 447 F.3d at 1183–84.  And requests to seal, or in this case redact, material provided in connection
14 with  non-dispositive filings are held to the standard of "good cause" rather than the higher
15 standard of "compelling reasons" applicable to  material attached to dispositive motions.  *See id.*;
16 *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).
17       Having reviewed the Government Parties' proposed redactions, the court
18 concludes they satisfy the requirements of good cause for concealment in that they reveal
19 confidential investigative techniques and communications.  Moreover, the redactions are
20 sufficiently narrowly tailored to not render the declaration incomprehensibly piecemeal.
21 Accordingly, the court approves the redaction of the Tennerelli Declaration in support of the
22 Government Parties' fourth extension request.
23       IT IS HEREBY ORDERED that:
24       (1) The Tennerelli Declaration in support of the Government Parties' fourth
25           extension request, ECF No. 18-2, shall remain sealed.
26       (2) The Government Parties' shall file on the public docket of this case the
27           redacted version of the Tennerelli Declaration as approved within fourteen (14)
28           days of the date of this order.

1  (3) The Clerk of the Court shall lift the seal over all documents filed in this case
2      except for ECF No. 18-2.
3  IT IS SO ORDERED.
4  DATED: March 9, 2016.

_____
UNITED STATES DISTRICT JUDGE

3