CLAYEO C. ARNOLD, (SBN: 65070)
GARY B. CALLAHAN, (SBN: 47543)
TATIANA FILIPPOVA, (SBN: 283305)
ARNOLD LAW FIRM
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 924-3100
Facsimile: (916) 924-1829
Attorneys for Plaintiffs

KATHLEEN M. RHOADS (SBN: 144466)
GORDON & REES LLP
655 University Avenue, Suite 200
Sacramento, CA 95825
Telephone: (916) 565-2900
Facsimile: (916) 920-4402

LARRY S. GONDELMAN (District of Columbia SBN: 950691)
POWERS PYLES SUTTER & VERVILLE PC
1501 M Street, NW, Seventh Floor
Washington, DC 20005
Telephone: (202) 466-6550
Facsimile: (202) 785-1756

Attorneys for Defendants
CENTER FOR EMPLOYMENT TRAINING, A California nonprofit corporation;
SHIRLEY JOHNSON; and JENNIFER CRUICKSHANK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA AND STATE OF CALIFORNIA EX REL. REBECCA HANDAL, DINA DOMINGUEZ, ELICIA A. FERNANDEZ AND CHRISTINE STEARNS,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTER FOR EMPLOYMENT TRAINING, A CALIFORNIA NONPROFIT CORPORATION, MOHAMMAD ARYANPOUR, JENNIFER CRUICKSHANK, MARTIN GAMEZ, TOMASITA GUAJARDO, EZEQUIEL GUZMAN, SHIRLEY JOHNSON, JENNIFER LOPEZ, MARIA ELENA RIDDLE, HERMELINDA SAPIEN AND RACHEL WICKLAND,<br><br>Defendants. | CASE NO. 2:13-cv-1697 KJM-KJN<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

-1-

Stipulated Protective Order                                                                                   2:13-cv-1697 KJM-KJN

## GOOD CAUSE STATEMENT

This is an action by four former students of Center for Employment Training ("CET"), a non-profit educational institution, against CET and its employees Jennifer Cruickshank and Shirley Johnson for alleged violations of Federal and California False Claims Act ("FCA") statutes. The gravamen of Relators' First Amended Complaint ("FAC") is that in executing Program Participation Agreements ("PPA"), an Institutional Participation Agreement ("IPA") with the State of California, and by applying for funding under the Workforce Investment Act ("WIA"), CET falsely represented to the government that it had been adhering to certain disclosure requirements. Relators also claim CET made a series of misrepresentations to its students. These alleged misrepresentations related to the employability of its graduates, the qualifications of CET instructors, the content of the medical assistant program instruction, the quality of CET's facilities and equipment, the availability of job placement assistance, the scope of CET's financial charges, and the nature of available financial aid. Consequently, while Parties reserve the right to object to and/or challenge whether certain information is confidential, proprietary, personal and/or private, the Parties believe that they, as well as Non-Parties, may be required to produce or disclose information that is confidential, proprietary, personal and/or private, particularly as it relates to individual students. The Parties believe that if such information is disclosed in this action without restriction on its use or further disclosure, it may cause disadvantage, harm, or invade the privacy rights and any other applicable rights of the disclosing Party or Non-Parties.

Therefore, believing that good cause exists, the Parties hereby stipulate and agree that, subject to the Court's approval, the following procedures shall be followed in this action to facilitate the orderly and efficient discovery of relevant information while minimizing the potential for unauthorized disclosure or use of personal, private, confidential, and/or proprietary information.

1.   **PURPOSES AND LIMITATIONS**

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and

use extends only to the limited information or items that are entitled to protected treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rules of Practice for the United States District Court, Eastern District of California 140 and 141 set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

## 2. DEFINITIONS

**2.1 Challenging Party:** a Party or Non-Party that challenges the designation of information or items as "Confidential" under this Order.

**2.2 Confidential Information or Items:** information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), as well as confidential, proprietary, personal and/or private information including, but not limited to, the identity of students whose records may be deemed relevant to the claims implicated in this action. Confidential Information shall be used by the Parties solely for the purposes of the litigation and not for any other purpose.

**2.3 Counsel (without qualifier):** Outside Counsel of Record and House Counsel (as well as their support staff).

**2.4 Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

**2.5 Disclosure or Discovery Material:** all items or information, regardless of the medium or manner in which it is generated, stored electronically or in any other manner, or maintained (including, among other things, deposition testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery requests in this matter.

**2.6 Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party, the Parties, or their respective counsel to serve as an expert witness or as a consultant in this action.

**2.7 House Counsel:** attorneys who are employees of a party to this action. House

Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.8** **Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.9** **Outside Counsel of Record:** attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**2.10 Party:** any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

**2.11 Privileged Information:** all items or information that are protected by the attorney-client privilege or the attorney-work product doctrine.

**2.12 Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**2.13 Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving electronic and other data in any form or medium) and their employees and subcontractors.

**2.14 Protected Material:** any Disclosure or Discovery Material that is designated as "Confidential" or "Privileged."

**2.15 Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     SUBSTANTIVE ISSUES**

While the First Amended Complaint and Amended Answers frame the issues, the parties identify and summarize the following substantive issues.  The parties understand and agree that the issues set forth below are not exhaustive and that additional issues may arise as the case progresses.

**3.1     Plaintiffs:**

Relators allege in their  First Amended Complaint (FAC) that Defendants CET, Jennifer

1  Cruickshank ("Cruickshank") and Shirley Johnson ("Johnson"), had, and continue to have actual
2  knowledge that they are not adhering to the Title IV disclosure requirements (as of July 1, 2011
3  to the present) and misrepresentation prohibition, that their representations of adherence were
4  and are false, and that they therefore were and are submitting false or fraudulent representations
5  of compliance to the Department of Education and in turn caused and continue to cause enrolled
6  students to submit false funding applications to the DOE.  Alternatively, Relators allege that
7  Defendants act and acted with deliberate indifference or reckless disregard as to the truth or
8  falsity of the false claims.  In requesting and receiving at least one million dollars annually for its
9  medical assistant program, Defendants falsely represent every year they are in compliance with
10 Title IV of the Higher Education Act's ("HEA") disclosure requirements and prohibition against
11 misrepresentations by recruitment, financial aid and management staff, which are core
12 prerequisites to eligibility for Title IV funds.  Relators assert causes of action for submission of
13 knowingly false or fraudulent claims for payment or approval, and knowingly false records or
14 statements to get false or fraudulent claims paid or approved, in violation of  31 U.S.C.
15 §3729(a)(1)(A)-(B) and Cal. Gov. Code §12651(a)(1)-(2).  Relators Rebecca Handal ("Handal"),
16 Dina Dominguez ("Dominguez"), Elicia A. Fernandez ("Fernandez") and Christina Stearns
17 ("Stearns") assert individual state causes of action for fraud pursuant to Cal. Civ. Code §§1709-
18 1710 against Defendants CET and Johnson.
19      Plaintiffs seek damages in the form of civil penalties, economic, non-economic and
20 punitive damages and injunctive relief.
21      **3.2    Defendants:**
22      Defendants assert that CET, Cruickshank and Johnson did not violate any of the
23 provisions upon which the FAC is based, that the provisions at issue in this case are not material
24 to the governmental entities' decisions to pay the claims, and therefore would not constitute
25 violations of the FCA; that CET did not have knowledge of the alleged violation; that Johnson
26 and Cruickshank did not have knowledge of the alleged violations or did not have a role in
27 submitting false claims or statements to the governmental entities, and that none of the
28 Defendants engaged in any act of fraud of deceit.

### 4. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

### 5. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### 6. DESIGNATING PROTECTED MATERIAL

**6.1 Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not

-6-

1 within the ambit of this Order.

2 If it comes to a Designating Party's attention that information or items that it designated
3 for protection do not qualify for protection that Designating Party must notify all other Parties
4 that it is withdrawing the mistaken designation within ten (10) days after the mistake comes to
5 the attention of the Designating Party.

6 **6.2     Manner and Timing of Designations.** Except as otherwise provided in this
7 Order (see, e.g., section 8, below), or as otherwise stipulated or ordered, Disclosure or Discovery
8 Material that qualifies for protection under this Order must be clearly so designated before the
9 material is disclosed or produced.

10 Designation in conformity with this Order requires:

11 (a)     <u>for information produced in electronic form</u> (excluding transcripts of depositions
12 or other pretrial or trial proceedings), that the Producing Party ensure that the electronic
13 documents or information contain designations of "CONFIDENTIAL" pursuant to subparagraph
14 2.2 so that if any electronic information is printed, the designation will appear on the printed
15 copy.

16 (b)     <u>for information produced in hard-copy form</u> (excluding transcripts of depositions
17 or other pretrial or trial proceedings), that the Producing Party affix the legend
18 "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions
19 of the material on a page qualifies for protection, the Producing Party also must clearly identify
20 the protected portion(s) (e.g., by making appropriate markings in the margins).

21 (c)     <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the
22 Designating Party identify on the record, before the close of the deposition, hearing, or other
23 proceeding, all protected testimony.

24 (d)     <u>for information produced in some form other than documentary and for any other
25 tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the
26 container or containers in which the information or item is stored the legend
27 "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,
28 the Producing Party, to the extent practicable, shall identify the protected portion(s).

1       **6.3**     **Inadvertent Failures to Designate.** If timely corrected, that is, within ten (10)

2 days of discovery, but in no event later than one (1) year after the Parties' initial designations, an

3 inadvertent failure to designate qualified information or items does not, standing alone, waive the

4 Designating Party's right to secure protection under this Order for such material. If the

5 designation is timely corrected, the Receiving Party must make reasonable efforts to assure that

6 the material is treated in accordance with the provisions of this Order.

7       **7.**     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

8       **7.1**     **Timing of Challenges.** Any Party or Non-Party may challenge a designation of

9 confidentiality at any time unless a prompt challenge to a Designating Party's confidentiality

10 designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

11 burdens, or a significant disruption or delay of the litigation. Where a prompt challenge is

12 necessary, as defined immediately above, the Party or Non-Party must challenge a designation of

13 Confidentiality within two (2) months of the designation. Where a prompt challenge is not

14 necessary, the Party or Non-Party does not waive its right to challenge a Confidentiality

15 designation by electing not to mount a challenge within two (2) months after the original

16 designation is disclosed.

17       **7.2**     **Meet and Confer.** The Challenging Party shall initiate the dispute resolution

18 process by providing written notice of each designation it is challenging and describing the basis

19 for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

20 notice must recite that the challenge to Confidentiality is being made in accordance with this

21 Paragraph 7.2 of the Protective Order. The parties shall attempt to resolve each challenge in good

22 faith and must begin the process by conferring directly (telephonically or face to face) within 10

23 calendar days of the date of service of notice. In conferring, the Challenging Party must explain

24 the basis for its belief that the Confidentiality designation was not proper and must give the

25 Designating Party an opportunity to review the designated material, to reconsider the

26 circumstances, and, if no change in designation is offered, to explain the basis for the chosen

27 designation. A Challenging Party may proceed to the challenge process after it has engaged in a

28 meet and confer process, or if it establishes that the Designating Party is unwilling to participate

1  in a timely meet and confer process.

2  **7.3  Judicial Intervention.** If the Parties are unable to resolve a challenge without
3  court intervention, the Designating Party shall file and serve a motion to retain Confidentiality
4  under LR 141.1 within 21 days of the initial notice of challenge or within 14 days of the Parties'
5  agreement that the meet and confer process will not resolve their dispute, whichever is later.
6  Each such motion must be accompanied by a competent declaration affirming that the movant
7  has complied with the meet and confer requirements. Failure by the Designating Party to make
8  such a motion including the required declaration within 21 days (or 14 days, if applicable) shall
9  automatically waive the confidentiality designation for each challenged designation. In addition,
10 the Challenging Party may file a motion challenging a confidentiality designation at any time,
11 following meet and confer, if there is good cause for doing so, including a challenge to the
12 designation of a deposition transcript or any portions thereof. The burden of persuasion in any
13 such challenge proceeding shall be on the Designating Party.

14  **8.  ACCESS TO, AND USE OF, PROTECTED MATERIAL**

15  **8.1  Basic Principles.** A Receiving Party may use Protected Material that is disclosed
16 or produced by another Party or by a Non-Party in connection with this case only for
17 prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be
18 disclosed only to the categories of persons and under the conditions described in this Order.
19 When the litigation has been terminated, a Receiving Party must comply with the provisions of
20 section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by
21 a Receiving Party at a location and in a secure manner that ensures that access is limited to the
22 persons authorized under this Order.

23  **8.2  Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise
24 ordered by the court or permitted in writing by the Designating Party, a Receiving Party may
25 disclose any information or item designated "CONFIDENTIAL" only to:

26  (a)  the Receiving Party's Outside Counsel of Record in this action, as well as
27 employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the
28 information for this litigation and who have signed the "Acknowledgment and Agreement to Be

-9-

1   Bound" that is attached hereto as Exhibit A;

2       (b)    the officers, directors, and employees (including House Counsel) of the Receiving
3   Party to whom disclosure is reasonably necessary for this litigation and who have signed the
4   "Acknowledgment and Agreement to Be Bound" (Exhibit A); **with the exception** articulated at
5   Paragraph 8.2(c), immediately below;

6       (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is
7   reasonably necessary for this litigation provided that each such expert shall execute a copy of the
8   "Acknowledgment and Agreement to Be Bound" (Exhibit A) (which shall be retained by counsel
9   for the Party disclosing the Confidential Information and made available for inspection by
10  opposing counsel during the pendency or after the termination of the action only upon good
11  cause shown and upon order of the Court)  before being shown or given any Confidential
12  Information;

13      (d)    the court and its personnel;

14      (e)    mediator(s) and their personnel;

15      (f)    court reporters and their staff, professional jury or trial consultants, mock jurors,
16  and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who
17  have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18      (g)    during their depositions, witnesses in the action to whom disclosure is reasonably
19  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
20  A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of
21  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be
22  separately bound by the court reporter and may not be disclosed to anyone except as permitted
23  under this Stipulated Protective Order; and

24      (h)    the author or recipient of a document containing the information or a custodian or
25  other person who otherwise possessed or knew the information.

26      **9.**    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**
27

28      If a Party is served with a subpoena or a court order issued in other litigation that compels

-10-

disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

    (a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Confidential Information – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, through inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

-11-

Stipulated Protective Order                                                                                2:13-cv-1697 KJM-KJN

Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12. MISCELLANOUS

**12.1 Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the court in the future, including the right to seek a modified protective order that contains an "attorneys' eyes only" provision.

**12.2 Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.3 Filing Protected Material.** No document will be sealed, nor shall a redacted document be filed, without the prior approval of the court. If a document for which sealing or redaction is sought relates to the record on a motion to be decided by Judge Mueller, the request to seal or redact should be directed to her and not the assigned Magistrate Judge. All requests to seal or redact shall be governed by Local Rules 141 (sealing) and 140 (redaction); protective orders covering the discovery phase of litigation shall not govern the filing of sealed or redacted documents on the public docket. The court will only consider requests to seal or redact filed by the proponent of sealing or redaction. If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

## 13. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Paragraph 5, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION).

### 14. ELECTRONICALLY STORED INFORMATION (ESI)

#### 14.1 Cooperation

The Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout this matter.

#### 14.2 Liaison

The Parties will identify liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The Parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

#### 14.3 Preservation

The Parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate.

#### 14.4 Search

The Parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if

1  appropriate, they will meet and confer about methods to search ESI in order to identify ESI that
2  is subject to production in discovery and filter out ESI that is not subject to discovery.

**14.5  Production Formats**

The Parties agree that they will produce ESI according to the following protocol:

a) All ESI will be produced with all metadata, if it exists, on CD-ROM disks, through a cloud service, or through other mutually agreeable methods. The parties will provide the following information, if it exists, about the documents:

(1) file name;

(2) file format;

(3) number of bytes;

(4) operating system and version; and

(5) translation tables for encoded fields.

b) For ESI that exists only in proprietary software or in a format that is not readable by a personal computer using commercially available software, the Parties will identify the specific information, the software at issue and possible alternative electronic formats in which the information could be produced such that the Parties can meet and confer respecting how best to produce the specific information at issue with its metadata intact.

c) In producing responsive emails, the Parties will produce the emails without alteration of any kind; in particular, threads, attachments, and metadata associated with the emails and attachments should not be modified, deleted, or altered in any respect.

d) In producing responsive ESI, the Parties agree that all ESI available to, or easily retrievable by, the producing party shall be produced regardless of whether such ESI are possessed directly by the producing party or its attorneys, agents, representatives or investigators.

e) If any requested ESI cannot be produced in full with its metadata intact, the Parties agree to produce the ESI to the extent possible, specifying the reason that the producing party is unable to produce the remainder and will offer whatever information, knowledge or belief the producing party has concerning the portions that could not be produced.

f) If the producing party becomes aware that any of the requested ESI have been destroyed or custody of the document has been transferred to any person or entity that is not under the producing party's control, the producing party will provide a statement setting forth as to each such ESI:

    (1) name(s), job title(s), employer and date(s) of transfer, of the creator of the transferred, destructed or destroyed ESI;

    (2) name(s), job title(s), and employer of the person who transferred or destroyed the ESI, or its metadata, and date(s) of said transfer/destruction;

    (3) name(s), job title(s), and employer of the recipient of the transferred ESI;

    (4) date of the transferred or destroyed ESI;

    (5) date of destruction or transfer of the ESI; and

    (6) the last known person(s) having custody or control of the document.

g) If any electronic document requested has been deleted or removed, in part or in whole, the Parties will provide a legible recovered version of that ESI with its metadata intact. All backup electronic documents (including electronic file fragments and slack) provided pursuant to these requests must be in an uncompressed format.

h) The Parties agree to produce each ESI in its entirety and with all of its attachments. If the producing party has redacted any portion of a document, the producing party agrees to type the word "redacted" on each page of the document from which information has been redacted.

The above is subject to each party designating their ESI experts who shall read the protective order as to how and in what form and format the ESI will be produced.

**14.6 Phasing**

When a Party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the Parties agree to phase the production of ESI as required or necessary.

/ / /

/ / /

/ / /

-15-
Stipulated Protective Order                                      2:13-cv-1697 KJM-KJN

**IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.**

DATED:                                          ARNOLD LAW FIRM

                                                By: /s/ *Gary B. Callahan*
                                                _____
                                                GARY B. CALLAHAN
                                                Attorney for Plaintiffs
                                                UNITED STATES OF AMERICA AND
                                                STATE OF CALIFORNIA EX REL.
                                                REBECCA HANDAL, DINA
                                                DOMINGUEZ, ELICIA A. FERNANDEZ
                                                AND CHRISTINE STEARNS

DATED:                                          GORDON & REES LLP

                                                By: /s/ *Kathleen M. Rhoads*
                                                _____
                                                Kathleen M. Rhoads
                                                Attorney for Defendants
                                                CENTER FOR EMPLOYMENT
                                                TRAINING, A California nonprofit
                                                corporation; SHIRLEY JOHNSON; and
                                                JENNIFER CRUICKSHANK

**ORDER**

Good cause appearing, the Court hereby approves this Order in its entirety. The Parties in this matter shall be bound by the terms of this Stipulated Protective Order.

**IT IS SO ORDERED.**

Dated: October 11, 2016

                                                _____
                                                KENDALL J. NEWMAN
                                                UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ in the case of *United States of America and State of California Ex Rel. Rebecca Handal, Dina Dominguez, Elicia A. Fernandez And Christine Stearns* v. *Center for Employment Training, a California Nonprofit Corporation, et al.*, Case No. 2:13-cv-1697 KJM-KJN, agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: